

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN 11, TEXAS

GERALD C. MANN
XXXXXXXXXXXXX
ATTORNEY GENERAL

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. 0-2776
Re: Are nurseries which main-
tain places of business
for the sale of trees,
plants, etc. from which
places of business such
commodities are sold sub-
ject to the payment of the
Texas chain store tax?

We are in receipt of your letter of October 21, 1940, in which you request the opinion of this department as to whethe or not a nursery which maintains a place of business for the sale of trees, plants, etc. and from which place of business such commodities are in fact sold is subject to the chain store tax. As we understand the facts submitted, the establishment in question is a building in which a number of trees, plants and shrubs, etc. are kept and exhibited for sale to the public although some of such commodities are also sold from the fields where raised. The Legislature of Texas has defined the term "store" in the Texas Store Tax Act (Act, 1111d of Vernon's Annotated Penal Code) as follows:

"Sec. 7. The term 'store' as used in this Act shall be construed to mean and include any store or stores or any mercantile establishment or establishments not specifically exempted within this Act which are owned, operated, maintained, or controlled by the same person, agent, receiver, trustee, firm, corporation, copartnership or association, either domestic or foreign, in which goods, wares or merchandise of any kind are sold, at retail or wholesale."

In commenting on said definition of the term "store" the Commission of Appeals of Texas in the case of Hurt v. Cooper, 110 S.W. (2) 896, stated as follows:

" The statute having defined the word, we are not concerned with its usual meaning. Under

that definition a mercantile establishment <u>at</u> <u>which goods, wares, or merchandise of any kind,</u> <u>except those exempted, are sold is a store</u> and is taxable as such, and this even though it may also be a distributing point." (Emphasis ours)

We are unable to find any case either in this State or in any state in the United States in which the court has passed on the question of whether or not a nursery establishment is subject to the payment of a chain store tax as being a store or mercantile establishment. However, the Supreme Court of Illinois in the case of Swain Nelson and Sons Company v. Department of Finance, 6 N.E. (2) 632, in construing the tax of that state levied on the retail sales of tangible personal property stated as follows:

"A portion of appellant's business embraces sales of trees and shrubs to customers, with delivery either at appellant's premises or at such places as may be designated by the purchaser. Tax liability on such sales is admitted and is not here involved."

The Commission of Appeals of Texas in the case of Continental Paper Bag Company v. Bosworth, 276 S.W. 170 stated as follows:

"In American usage, the word 'store,' when employed to designate a place of business, is a broad one. It signifies not merely a warehouse, storehouse or storeroom, but may include in its meaning a business establishment where personalty is kept and sold, and incidentally gotten in salable condition."

The term "mercantile establishment" is defined in 21 C. J. 904 as follows:

"A place where the buying and selling of articles of merchandise as an employment is conducted.

It is the opinion of this department that a place of business established for the sale of trees, plants, etc. from which place of business such commodities are sold is a "store" as that term is defined in the Texas Chain Store Act, supra, and such place of business is subject to the payment of the chain store tax.

We call your attention to the fact that the Attorneys

General of two other states have ruled on this same question that you present here. The Attorney General of Indiana in an opinion to the state tax commissioner dated December 18, 1931, ruled as follows:

> "Nurseries: Selling trees, plants and vines.--
> If such nurseries maintain a place for the sale
> and are engaged in the business of selling trees,
> plants and vines which have been severed from the
> place where grown, it is my opinion that such nur-
> series come within the definition of a mercantile
> establishment and are engaged in the sale of goods,
> wares and merchandise and are liable for the pay-
> ment of such license fees."

The Attorney General of Colorado ruled as follows:

> "Nurseries--Selling trees, plants and vines.--
> If such nurseries maintain a place for the sale
> of and are engaged in the business of selling trees,
> plants and vines, which have been severed from the
> place where grown, it is this department's opinion
> that such nursery could come within the definition
> of a mercantile establishment engaged in the sale of
> goods, wares and merchandise, and therefore liable
> for a store license."

We believe that the Attorney Generals of Colorado and Indiana have correctly construed chain store tax legislation similar to our law in applying the same to the type of nursery discussed therein. It is our opinion that such a place of bus-iness as in the facts submitted is subject to the payment of the Texas chain store tax.

                    Yours very truly

                    ATTORNEY GENERAL OF TEXAS


                    By s/Billy Goldberg
                        Billy Goldberg
                       - Assistant

BG:rw:wc

APPROVED NOV 4, 1940
s/Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

Approved Opinion Committee By_s/BWB_Chairman